IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ECONFINA TIMBERLANDS, LLC,

    Plaintiff,

v.                                      CASE NO. 4:21cv413-RH-MAF

JEFFERSON COUNTY et al.,

    Defendants.

_____/

ORDER SETTING PROCEDURES
ON THE CERTIORARI CLAIM

In count 4 of the amended complaint, the plaintiff asserts a Florida state-law claim for a writ of certiorari against the defendant Jefferson County. Both sides seem to assert the pleading rules that apply to count 4 are those in Florida Rule of Appellate Procedure 9.100. Consistent with that view, the county's answer asserts no response to count 4 is required unless the court issues an order to show cause, and the plaintiff has moved for an order to show cause.

The Federal Rules of Civil Procedure govern pleadings in federal district courts. *See, e.g., Hanna v. Plumer*, 380 U.S. 460, 470-74 (1965); *Cohen v. Office*

*Depot, Inc.*, 184 F.3d 1292, 1295-99 (11th Cir. 1999), *vacated in part on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The Federal Rules govern Count 4 just as they govern the other counts. *See* Fed. R. Civ. P. 2 ("There is one form of action—the civil action."). Thus the claim asserted in count 4 is properly included in the complaint, *see* Fed. R. Civ. P. 8(a), and the county must respond by answer or motion, *see* Fed. R. Civ. P. 8(b) & 12. As *Hanna* and *Cohen* make clear, the fact that the State of Florida has adopted different procedures does not matter; the Federal Rules govern.

This order thus does not follow the contrary decision in *Decker v. Citrus County*, Case No. 5:15-cv-24-oC-30PRL, 2016 WL 777795 (M.D. Fla. Feb. 29, 2016). There the court concluded that no Federal Rule applied to a Florida state-law petition for a writ of certiorari, but the court did not explain why Rules 2, 8, and 12 did not apply. If those rules are somehow inapplicable to a state-law certiorari petition, it could as easily be said that those rules do not apply to a state-law claim against the executor of an estate, as involved in *Hanna*, or a state-law claim for punitive damages, as involved in *Cohen*. Properly framed, the issue is not whether the Federal Rules explicitly address a claim for the precise relief a plaintiff seeks, but only whether the Federal Rules govern the procedure at issue for civil claims in general. Whether the state labels a claim an administrative complaint or

certiorari petition or Mary Elizabeth does not matter; a claim by one party against another is a civil action, and when the action is asserted in federal court, the Federal Rules apply.

In due course, the county will need to amend its answer to address count 4, but the county has moved to dismiss counts 2 and 3, and the motion is still pending. The county should wait to amend its answer until after a ruling is entered on the motion to dismiss.

For these reasons,

IT IS ORDERED:

1. The motion for an order to show cause, ECF No. 27, is denied.

2. The county is granted leave to amend its answer to address count 4. The deadline to amend is 14 days after entry of an order on the county's motion to dismiss counts 2 and 3.

SO ORDERED on December 30, 2021.

s/Robert L. Hinkle<br>United States District Judge